## Rosenbaum Estate

*Julian W. Barnard* and *Earl Jay Gratz*, for accountants.

*Daniel L. Quinlan, Jr.*, special deputy attorney general, for Commonwealth.

TAXIS, P. J., May 31, 1956.—The account shows a balance of principal for distribution of $112,885.07, composed of the shares of stock set forth on the summary on page 2, bonds set forth on page 3, agency account, jewelry, and cash, and a balance of income for distribution of $2,742.86.

The accountants requested that the account be debited with additional income and interest receipts totaling $669.35, and in principal with $48.41 refund of overpayment in agency account, and requested and are allowed additional credits in principal totaling $229.23, reflecting payment of decedent's income tax, additional cost of filing account and loss on sale of 500 shares of H. & B. American Machine Co. common stock since the filing of the account.

The status of the inheritance tax raises the single question to be determined by the court. The calculation of the inheritance tax is awaiting the action of the court, on the application of the accountant, made at audit, to correct the appraisement. The accountant advises the court that the Commonwealth erroneously and mistakenly assessed a transfer inheritance tax on real estate situate in Philadelphia not owned by decedent at the time of her death and, therefore, requests that a recalculation and assessment of the tax be made.

The inventory and appraisement and the inheritance tax return filed by the accountant listed an undivided one-third interest owned by decedent in certain real estate in Philadelphia. The inheritance tax

appraiser filed an appraisement which erroneously included the undivided two-thirds interest in said real estate. As a result thereof, the Commonwealth assessed the tax against this estate calculated upon appraisal of the entire real estate instead of assessing the tax upon an appraisal of only the undivided one-third interest owned by decedent and as reported by the accountants.

The appraisement of the real estate was $24,800, or 100 percent of the value. The accountants contend that it should have been one third of the total value, or $8,266.67.

The Commonwealth objects to the accountants' application to correct this appraisement on the ground that the matter is one not to be disposed of or corrected at audit, but that the accountants should have proceeded by an appeal. The Commonwealth concedes the mistake on the part of the appraiser, but contends that the sole remedy is an appeal, and that since the time for appeal has expired, the assessment is conclusive. There is no merit to the contentions of the Commonwealth.

The Commonwealth takes an unrealistic position where, as here, a mistake is conceded. The mistake clearly provides an exception to the strict rule of conclusiveness and finality of an appraisement, which mistake may be properly corrected at audit, even though the time for appeal has expired: Shultz Estate, 79 D. & C. 145, 154; Holtzapple Estate, 68 D. & C. 201; Tagg's Estate, 38 Dauph. 48. In Hoffman Estate, 6 Fiduc. Rep. 297, a case strikingly analogous to the present case, a mistake was corrected upon petition and answer.

In Holtzapple Estate, supra, the Commonwealth erroneously included one half of a trust estate in the appraisement for inheritance tax purposes. The court denied a petition for allowance of an appeal nunc pro tunc after the lapse of the appeal period, but declared

that the injustice could be cured, as here, at the audit. Tack's Estate, 325 Pa. 545, 548, was cited, where the court held that the transfer inheritance tax " 'is really not a tax at all in the ordinary meaning of the word, but rather a distributive share of the estate which the state retains for itself' ", from which it was reasoned that an auditing judge could not award to the Commonwealth any share (tax) of property which was not a part of the taxable estate. The appraisement, unappealed from, was only conclusive as to the value of such property as was subject to tax: Gochenour's Estate, 28 D. & C. 560.

It is hereby directed that a reassessment of the transfer inheritance tax be made so that the mistake, as conceded by the Commonwealth, be corrected, and the amount of the tax as reassessed is awarded to the register of wills and payment thereof will be reflected in the schedule of distribution hereinafter directed to be prepared.

Subject to distributions already properly made, the net ascertained balances for distribution are awarded as suggested under the last paragraph of the petition for adjudication, and it is hereby ordered and decreed that Robert Rosenbaum and Edward W. Rosenbaum, executors, as aforesaid, forthwith pay the distributions herein awarded.

Power and authority are given the accountants to make all necessary assignments and transfers of the unconverted investment securities herein awarded in kind.

Counsel for accountants shall file a schedule of distribution in duplicate.

The testamentary trustees shall present the assets of the trust herein awarded to them to Elkins Wetherill, Esq., who is appointed examiner under rule 11.

And now, May 31, 1956, this adjudication is confirmed nisi.